L. CHARLES WRIGHT, Retired Appellate Judge.
In October 1987, the landlord filed an unlawful detainer action in Jefferson County District Court. The complaint demanded possession of the leased premises and claimed $1,104 for past-due rent and attorney’s fees from the tenant.
On October 10, 1987, the process server posted a copy of the summons and complaint on the door of the last known ad *839 dress of the tenant, which was the premises that the tenant had leased from the landlord. On October 20, 1987, the tenant filed a general denial answer, stating that she was answering the complaint which had been left on her door.
On October 29, 1987, the court notified the parties that a trial on the complaint was set for November 18, 1987. The trial was continued until November 19, 1987.
On November 19, 1987, the tenant filed an amended answer wherein she affirmatively denied that the court had personal jurisdiction over her because the summons and complaint had not been personally served upon her.
At the hearing, the unlawful detainer count was dismissed by agreement of the parties, and the hearing proceeded on the issue of damages. After the hearing, the court entered judgment in favor of the landlord in the amount of $1,080.
The tenant appeals directly to this court pursuant to § 12-12-72(1), Ala.Code 1975. The tenant contends that the money judgment entered against her is void because the district court lacked in personam jurisdiction over her.
Waiver of the defense of lack of jurisdiction over the person is governed by Rule 12(h)(1) of the Alabama Rules of Civil Procedure (A.R.Civ.P.). This subsection of the rule provides that such a defense is waived
“(B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.”
Rule 12(h)(1), A.R.Civ.P.
Rule 15(a), A.R.Civ.P., provides in pertinent part:
“A party may amend his pleading once as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 30 days after it is served.”
Rule 15 applies in the district court, but the thirty-day time limit is reduced to fourteen days.
In this case, the tenant filed her amended answer, raising the defense of lack of personal jurisdiction, on November 19, 1987, which was more than fourteen days after the filing of her original answer and was the actual date of the hearing on this matter. Therefore, we find that the tenant .has waived the defense of lack of jurisdiction over the person.
The case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.